

Nadia M. Pervez, Esq.
Aneeba Rehman, Esq.

September 29, 2023

<u>**Via ECF**</u>

The Honorable Kiyo A. Matsumoto
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: *Gueci v. Altaire Pharmaceuticals, Inc. ,et al.*
     <u>Docket No. 22-CV-6343 (KAM) (ST)</u>

Dear Judge Matsumoto,

   This firm represents Plaintiff Justin Gueci in the above-referenced action and we write jointly with counsel for Defendants. We respectfully request that the Court approve the parties' settlement agreement pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). Attached hereto as **Exhibit A**, please find the parties' settlement agreement (the "Settlement Agreement").

   At the outset, we wanted to note that the parties were able to resolve this filed matter along with potential discrimination claims that were not yet filed but were included in parties' mediation and subsequent settlement negotiations.  This is a global settlement and so some provisions not normally included in an FLSA only settlement agreement are included in this agreement.

*Cheeks* **Approval**

   The court in *Wolinsky v. Scholastic Inc.,* 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) set forth the following criteria for determining whether a proposed settlement is fair and reasonable:

     In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors:  (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement

agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Wolinsky v. Scholastic Inc.,* 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotations and citations omitted). "Generally, there is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (*internal citations omitted*).

In this matter, the parties have reached a settlement of $75,000 for Plaintiff's wage and hour claims under FLSA and NYLL, NYLL 740 claims and Plaintiff's potential discrimination claims. Based on the above criteria, the agreement is fair and reasonable and should be approved by the Court.

**Plaintiff's Range of Possible Recovery**

Pursuant to the terms of the parties' Settlement Agreement, Defendants are paying the total sum of $75,000 to Plaintiff Gueci: $48,666.67 of which represents the settlement amount to be allocated to Plaintiff. Based on Plaintiff's information and belief, Plaintiff's back wages equal approximately $18,666.67 and $30,000 represents liquidated damages.  The remaining $26,333.33 represents and attorneys' fees.

Plaintiff's damage calculation was approximately $51,000 in unpaid wages, $100,000 for emotional damages plus liquidated damages, statutory penalties interest and attorneys' fees.

Defendants vigorously disputed liability and damages.  The parties held vastly different views regarding the number of hours worked by Plaintiff each week, as well as the number of overtime hours worked by Plaintiff.  Due to the fact-intensive nature of these inquiries, a resolution of this dispute would require extensive discovery and dispositive motion practice.

**The Settlement Will Enable the Parties to Avoid Anticipated Burdens and Expenses and the Parties Face Serious Litigation Risks**

Plaintiff wishes to avoid the risk of further litigating his claims. There would be numerous depositions, discovery has been extensive already and there is an inherent risk in going to trial of being unable to establish any liability. A trial on the merits would involve significant risks because of the fact-intensive nature of proving liability under the FLSA and NYLL. Defendants strongly contend that Plaintiff was compensated for all hours worked and that there is not liability with respect to his whistleblower claims. However, Defendants too face anticipated burdens and litigation expenses in establishing their respective defenses. Thus, Plaintiff believes the settlement amount is a fair result, obtaining a full recovery of his alleged back wages based on Plaintiff's asserted theories of liability while eliminating the risks of trial. Further litigation would be highly risky to Plaintiff as he would face the possibility of receiving a lesser amount than what is allocated to him in the settlement. Additionally, the expenses for trial are high which may mean the attorneys' fees and expenses may be higher than Plaintiff's actual recovery. Defendants, on the other hand, believe the settlement to be fair and reasonable because it will enable the parties to avoid further

anticipated burdens and expenses, including attorney's fees, which would be significant if the case were to go to trial.

**The Settlement Is a Result of Arm's-Length Negotiation and There Is No Possibility of Fraud or Collusion**

The proposed settlement is fair and reasonable because Plaintiff and Defendants were represented by competent and experienced wage and hour counsel during the litigation and settlement process. During the litigation and settlement process, there was an exchange of some documents and a sharing of facts and information. The parties negotiated vigorously and were able to reach an agreement in which Plaintiff would receive some recovery for his alleged back wages based on Plaintiff's asserted theories of liability and eliminating the burdens and costs of trial. The arm's-length negotiations between knowledgeable counsel followed, culminating in a negotiated resolution, which eliminated the inherit risks and costs of litigation.

**The Attorneys' Fees are Fair and Reasonable**

Of the $75,000 settlement amount, $26,333.33 is allocated to attorneys' fees and costs. The legal fees are $25,000 and the costs are $1,633.33. The legal fees equal approximately 33% of the settlement amount. Courts in this Circuit typically approve attorneys' fees that range between 30% and one third. *See Guzman v. Joesons Auto Parts*, No. 11-CV-4543 (ETB), 2013 WL 2898154, at *4 (E.D.N.Y. June 13, 2013) (collecting cases); *see also, e.g., Silverstein v. AllianceBernstein LP*, No. 09-CV-5904 (JPO), 2013 WL 6726910, at *9 (S.D.N.Y. Dec. 20, 2013); *Beckman v. KeyBank, N.A.*, 293 F.R.D. 467, 481 (S.D.N.Y. 2013). Using the "percentage of the fund" method, courts in this Circuit have routinely found an award representing one-third of the settlement amount to be reasonable. *Necole Rotthoff v. New York State Catholic Health Plan, Inc., et al.,* No. 19-CV-4027AMDCLP, 2021 WL 1310220, at *4 (E.D.N.Y. Apr. 8, 2021) (citations omitted). The amount of $1,633.33 is for expenses including filing, service and mediation costs. Attached hereto as **Exhibit B** are Plaintiff's counsel's detailed billing records, showing that Plaintiff's counsel has billed $27,712.50 in fees and expenses $2,301 (not even including for copying or , for all hours spent on litigating and settling Plaintiff's wage and hour claims. Counsel for Plaintiff is taking less than what they spent on expenses and time in this matter but do so in the best interest of the Plaintiff.

Plaintiff's counsel's fees are fair and reasonable given the time spent by Plaintiff's counsel. Such work includes prosecuting this lawsuit, engaging in discovery, negotiating settlement with Defendants' counsel, correspondence with Defendants' counsel, preparing and revising the settlement agreement, and reviewing this submission. The legal fees will be allocated to Plaintiff's counsel representing the portion of hours spent related to the settlement of Plaintiff's wage and hour claims under FLSA and $1,633.33 for expenses, which the parties believe is fair and reasonable. In fact, this amount is less than what Plaintiff's counsel would have recovered if successful at trial and less than the actual time/money spent on this action.

The parties have included confidentiality provisions, mutual general releases and mutual non-disparagement. These provisions should be allowed as this is a global resolution which includes potential claims of discrimination.

We thank Your Honor for your time and attention in this matter.

Respectfully submitted,


  /s/Rebecca Sklar                                      /s/Aneeba Rehman    
                                                        Aneeba Rehman, Esq.
                                                        **Pervez & Rehman P.C.**

Rebecca Sklar, Esq.
**Certilman Balin Adler & Hyman, LLP**


cc:      All Counsel (via ECF)



Encls.

# Exhibit A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUSTIN GUECI, on behalf of himself, FLSA Collective Plaintiffs and the Class Members, <br><br> Plaintiffs, <br><br> -   against – <br><br> ALTAIRE PHARMACEUTICALS, INC., TERRY SAWAYA, MICHAEL SAWAYA, and ASSAD S. SAWAYA <br><br> Defendants. | Case No.: 22-CV-06343 |

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is made and entered into by and between JUSTIN GUECI ("Plaintiff"), on the one hand, and ALTAIRE PHARMACEUTICALS, INC., TERRY SAWAYA, MICHAEL SAWAYA, and ASSAD S. SAWAYA (collectively referred to herein as "Defendants") on the other hand.  Plaintiff and Defendants are collectively referred to herein as the "Parties."

**WHEREAS**, on or about October 20, 2022, Plaintiff commenced a lawsuit in the United States District Court for the Eastern District of New York, Civil Action Case No. 22-CV-06343 alleging, among other things, failure to pay minimum wages and overtime wages in violation of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") as well as claims for failure to pay spread of hours pay under the NYLL and retaliation under NYLL 740 (the "Action");

**WHEREAS**, on or about, April 11, 2023, Plaintiff's counsel sent Defendants' counsel a draft affidavit ("Draft EEOC Charge") outlining Plaintiff's purported potential discrimination claims. This charge has not been filed and was shared for the purposes of confidential settlement discussions, prior to mediation.

**WHEREAS**, Defendants deny all liability and all allegations of wrongdoing made by Plaintiff;

**WHEREAS,** no Court or tribunal has made any findings with respect to the merits of the claims asserted in the Action or otherwise;

**WHEREAS**, Defendants and Plaintiff desire to resolve disagreements between them, including those asserted in the Action and outlined in the Draft EEOC Charge, in an amicable manner without the expense and aggravation of further litigation and without admission of liability or wrongdoing by any Party;

**NOW, THEREFORE**, with the intent to be legally bound and incorporating the above recitals, and for good and valuable consideration, the sufficiency and receipt of which the Parties acknowledge, the Parties agree as follows:

1. **Definitions**.

(a) "Plaintiff" as used in this Agreement means Justin Gueci and his heirs, devisees, legatees, executors, administrators, assigns, agents, representatives, businesses, insurers, subrogees, and attorneys, and any other persons or entities acting by, through, under, or in concert with any of the persons or entities listed in this subsection.

(b) The "Company" as used in this Agreement means "Altaire Pharmaceuticals, Inc." and all related companies including Altaire's predecessors, successors, assigns, businesses, affiliates, subsidiaries, divisions, holding companies, parent companies, partnerships, limited partnerships, partners, and any of their officers, directors, trustees, conservators, employees, agents, contractors, representatives, shareholders, stockholders, owners, heirs, devisees, legatees, executors, administrators, insurers, subrogees, and any other persons or entities acting by, through, under, or in concert with any of the persons or entities listed in this section.

2. **Consideration and Allocation**. In full settlement and final satisfaction of any and all claims that Plaintiff had, has or may have against Defendants, including, but not limited to, those FLSA and NYLL wage-and-hour claims, and NYLL 740 retaliation claims raised in the Action, and potential discrimination claims not filed herein but outlined in the Draft EEOC Charge, and in consideration for the promises and obligations set forth herein, including, but not limited to, the release by Plaintiff set forth in Paragraph 6, the Parties agree that Defendants shall pay to Plaintiff and his counsel the total sum of Seventy-Five Thousand Dollars and No Cents ($75,000.00) (hereinafter, the "Settlement Amount"). The Settlement Amount will be allocated as follows:

(i) Eighteen Thousand Six Hundred Sixty-Six Dollars and Sixty-Seven Cents ($18,666.67) less payroll deductions to Plaintiff for which a Form W2 will be issued to Plaintiff; and

(ii) Thirty Thousand Dollars and Zero Cents ($30,000.00) to Plaintiff for liquated damages, for which a Form 1099 will be issued to Plaintiff; and

(iii) Twenty-Six Thousand Three Hundred Thirty-Three Dollars and Thirty-Three Cents ($26,333.33) to "Pervez & Rehman, P.C." for attorneys' fees and expenses, for which an IRS Form 1099 will be issued to Plaintiff and Plaintiff's counsel.

The Settlement Amount shall be issued ten (10) days after Defendants receive the fully executed agreement, Form W-9 from Plaintiff and Pervez & Rehman, P.C. and after the Court approves the Agreement.

The Settlement Amount shall be delivered to: Pervez & Rehman, P.C., 6268 Jericho Turnpike, Suite 8, Commack, NY 11725.

2

8121157.1

3.    **Taxes and Withholdings**.  If, for any reason, it is determined by any federal, state or local taxing authority that any portion of the payments set forth in Paragraph 2 should have been subject to taxation or withholding, Plaintiff agrees that he shall assume all responsibility for the payment of any employee taxes, interest and penalties assessed in connection with payments made on his behalf, and shall protect, indemnify and hold harmless Defendants from any tax payment, interest and penalties attributable to Plaintiff. Likewise, Defendants shall protect, indemnify and hold harmless Plaintiff from any of Defendants' tax payments, interest and penalties with respect to the Settlement Amount.

4.    **Notice of Default and Right to Cure.** In the event Defendants are in default of any of the payments in Paragraph 2, Plaintiff shall provide notice of the default to Defendants' Counsel, Jarrett Behar, Esq. of Certilman Balin Adler & Hyman, LLP, via email to JBehar@certilmanbalin.com and via Priority Mail, addressed to Jarret Behar, Esq. of Certilman Balin Adler & Hyman, LLP, 100 Motor Parkway, Suite 560, Hauppauge, NY 11788. In the event that Defendants fail to cure said default by 6pm EST on the seventh (7) day from the date such notice was emailed and mailed to counsel for the Defendants, counsel for Plaintiff may immediately make an application to the Court in which the original matter was filed to continue the filed action. Plaintiff shall be entitled to initiate an action against the defaulting Defendants to seek reasonable attorneys' fees and costs incurred as a result of Defendants' breach.

5.    **Full Payment**.  Plaintiff agrees and affirms that the Settlement Amount described in Paragraph 2 above shall constitute the entire amount of monetary consideration provided to Plaintiff and Plaintiff's legal counsel in connection with the FLSA & NYLL, claims in the Action and any discrimination claims that have not yet been filed. This amount shall include compensation for alleged damages to Plaintiff and for any and all harm which he may have suffered because of any acts or omissions of the Defendants as alleged in the Action relating to any wage-and-hour claims, including for claims for unpaid wages or overtime pay under state and federal law or common law as well as any claims of discrimination and retaliation.  Plaintiff agrees that the Settlement Amount is inclusive of any claim for attorney's fees, costs, interest and/or other expenses.

6.    **General Mutual Release of All Claims.**  Plaintiff (and all presently or formerly affiliated persons or entities, including, but not limited to, Plaintiff's present or former spouses, dependents, heirs, assigns, lien holders, fiduciaries, employers, successors, creditors, debtors, counsel and any otherwise affiliated or related persons and entities), knowingly and voluntarily releases and forever discharges TERRY SAWAYA, MICHAEL SAWAYA, ASSAD S. SAWAYA, and ALTAIRE PHARMACEUTICALS, INC., its parent corporations, affiliates subsidiaries, divisions, brands, predecessors, insurers, successors and assigns, and their current and former employees, attorneys, accountants, officers, owners, directors and agents thereof, both individually and in their business capacities, and their employee benefit plans and programs and their administrators and fiduciaries (collectively referred to throughout the remainder of this Agreement as "Releasees"), of and from any and all claims, known and unknown, asserted or unasserted, which Plaintiff has or may have against Releasees as of the date of execution of this Agreement, including, but not limited to, any alleged violation of:

- The Age Discrimination in Employment Act of 1967;

3

- Sections 1981 through 1988 of Title 42 of the United States Code;
- Title VII of the Civil Rights Act of 1964;
- The Employee Retirement Income Security Act of 1974;
- The Sarbanes-Oxley Act of 2002;
- The Immigration Reform and Control Act;
- The Americans with Disabilities Act of 1990;
- The National Labor Relations Act;
- The Equal Pay Act;
- The Workers Adjustment and Retraining Notification Act;
- The Occupational Safety and Health Act;
- The Fair Credit Reporting Act;
- The Fair Labor Standards Act;
- The Family and Medical Leave Act of 1993;
- The False Claims Act;
- The New York Correction Law, including Sections 750-755 thereof;
- The New York State Executive Law (including its Human Rights Law);
- The New York State Labor Law;
- The New York False Claims Act;
- The New York wage, wage-payment, wage theft and wage-hour laws;
- Nassau and Suffolk County laws, rules and regulations;
- The New York City Administrative Code (including its Human Rights Law);
- Any local or county law, rule or requirement of any kind;
- Any other federal, state or local human rights, discrimination, retaliation, civil rights, benefits, pension, wage-hour, whistleblower, labor, *qui tam* or any other federal, state or local constitution, law, rule, regulation, or ordinance of any kind;
- Any benefit, payroll or other plan, policy or program;
- Any public policy, contract (whether oral or written, express or implied), tort (whether intentional, negligent or otherwise), or common law;
- Any amendments to the foregoing laws; and,
- Any claim for costs, fees, or other expenses, including, but not limited to, a claim for attorneys' fees or costs.

The Plaintiff further acknowledges and understands that he is waiving any right he may have to sue any of the Defendant Releasees for any of the claims he has released under this Agreement upon payment in full of the Settlement Amount.

4

8121157.1

Plaintiff represents and warrants that he has not commenced, maintained, prosecuted, or participated in any claim or other action, charge, claim, lawsuit, grievance, complaint, or proceeding of any kind against Defendants in any court or before any administrative or investigative body or agency, except for the pending Action. Further, to the extent that he has, Plaintiff agrees that he shall withdraw or dismiss, and shall undertake all measures necessary to effectuate the withdrawal or dismissal of, any such action, charge, claim, lawsuit, grievance, complaint, or proceeding, with prejudice, within five (5) days following the execution of this Agreement. In the event that Plaintiff is unable to unilaterally withdraw or dismiss any such action, charge, claim, lawsuit, grievance, complaint, or proceeding, Plaintiff represents and warrants that he shall request, to the fullest possible extent, the withdrawal or dismissal with prejudice of such action, charge, claim, lawsuit, grievance, complaint, or proceeding. In the event that any such action, charge, claim, lawsuit, grievance, complaint, or proceeding is or has been commenced on his behalf, Plaintiff hereby waives any right to compensation, recovery, monetary relief, damages, settlement, or other individual relief in such action.

Plaintiff is not waiving any rights he may have to: (a) benefits and/or the right to seek benefits under applicable workers' compensation and/or unemployment compensation statutes; (b) pursue claims which by law cannot be waived by signing this Agreement; and/or (c) enforce this Agreement.

Likewise, effective upon payment of the full Settlement Amount and Plaintiff's receipt and clearance of all settlement checks constituting the Settlement Amount, in consideration for Plaintiff's settlement of his claims and acceptance of the Settlement Amount, Defendants, their agents, servants, employees, parents, subsidiaries, affiliates, successors, assigns, or related entities, and any of their agents, servants, employees, parents, subsidiaries, affiliates, successors, assigns, or related entities hereby irrevocably and unconditionally releases and forever discharge Plaintiff, his successor or assigns, (each, separately, a "Plaintiff Releasee", and collectively, the "Plaintiff Releasees") from any and all claims, demands, rights, actions, causes of action, or liabilities that Defendants may have against the Plaintiff Releasees, of any kind or nature, known or unknown, suspected or unsuspected, arising at any time through the date this Agreement is executed pertaining to the claims raised in the pending Action, his employment, or arising out of or relating to the transactions or events giving rise to the pending Action.

Defendants further acknowledge and understand that they are waiving any right they may have to sue any of the Plaintiff Releasees for any of the claims they has released under this Agreement upon signing of this Settlement Agreement.

Each Defendant represents and warrants that it has not commenced, maintained, prosecuted, or participated in any claim or other action, charge, claim, lawsuit, grievance, complaint, or proceeding of any kind against Plaintiff in any court or before any administrative or investigative body or agency. Further, to the extent that they have, each Defendant agrees that it shall withdraw or dismiss, and shall undertake all measures necessary to effectuate the withdrawal or dismissal of, any such action, charge, claim, lawsuit, grievance, complaint, or proceeding, with prejudice, within five (5) days following the execution of this Agreement. In the event that Defendants are unable to unilaterally withdraw or dismiss any such action, charge, claim, lawsuit, grievance, complaint, or proceeding, Defendants represent and warrant that they shall request, to the fullest

5

possible extent, the withdrawal or dismissal with prejudice of such action, charge, claim, lawsuit, grievance, complaint, or proceeding. In the event that any such action, charge, claim, lawsuit, grievance, complaint, or proceeding is or has been commenced on its behalf, Defendants hereby waive any right to compensation, recovery, monetary relief, damages, settlement, or other individual relief in such action.

7.    **No Admission of Liability**.    Neither this Agreement nor anything contained herein constitutes or is intended to constitute any finding of fact, admission of liability or assessment of liability by Defendants under any law, ordinance, rule, regulation, policy or order with respect to any claim that Plaintiff has asserted, could have asserted or may assert in connection with Plaintiff's employment. Defendants have consistently denied, and continue to deny, each and every allegation of wrongdoing made by Plaintiff, and have agreed to enter into this Agreement for the sole purpose of avoiding the cost and inconvenience of further litigation.

8.    **Covenant Not to Sue**.    Except as provided in Paragraph 6 above, Plaintiff covenants and agrees not to file a lawsuit or commence any other legal proceeding against the Releasees concerning any matter released in Paragraph 6. Further, Plaintiff waives any right to become, and promises not to voluntarily become, a member of any class in a case in which any claim or claims released pursuant to Paragraph 6 of this Agreement are asserted against the Releasees.

9.    **Submission to Court for Approval and Purposes of Dismissing the Action with Prejudice**.

(a) The Parties intend for the Plaintiff to release any and all claims he may have against Defendants, including claims under the FLSA and NYLL, discrimination and retaliation, and therefore desire that this Agreement be approved by the United States District Court for the Eastern District of New York. Accordingly, the Parties agree to file a Joint Motion for Approval of the Agreement after full execution of this Agreement.

(b) Contemporaneous with the execution of this Agreement and cleared payment of Settlement Amount, Plaintiff shall cause Plaintiff's Counsel to execute the Stipulation of Dismissal with Prejudice annexed hereto as Exhibit 1, and deliver same to Defendants' Counsel. Defendants' Counsel will execute and file the Stipulation of Dismissal with Prejudice with the District Court for the Eastern District of New York without further notice

(b)    Court approval and dismissal of this Action is a material condition of this Agreement and the Parties' obligations hereunder. Should the Court decline to approve this Agreement and enter the Parties' Stipulation of Dismissal with Prejudice attached hereto as Exhibit 1,this Agreement will be null and void and no payments shall be made to Plaintiff or Plaintiff's Counsel pursuant to Paragraph 2 of the Agreement.

10.    **Confidentiality.**    Plaintiff agrees not to disclose, disseminate, or otherwise circulate any information regarding the underlying facts leading up to or the existence or substance of this Agreement, including but not limited to any photographs, videos, or other documents relating to Defendants and/or any Defendant, except to his spouse, tax advisors, and/or an attorney with whom he chooses to consult regarding his consideration of this Agreement.

Upon receipt of any inquiry regarding the lawsuit, Plaintiff shall state only that it has been resolved to the satisfaction of the Parties, unless otherwise required by law. Plaintiff understands and agrees that a violation of this covenant of confidentiality will constitute a material breach of this Agreement. The parties agree that quantifying losses arising from Plaintiff's breach of his confidentiality obligations pursuant to this Agreement will be inherently difficult. As a result, in the event that Plaintiff breaches his confidentiality obligations pursuant to this Agreement, Defendants shall recover the amount of $10,000.00 per breach as liquidated damages as determined by an arbitrator. It is further agreed that this sum is not a penalty, but rather a reasonable measure of damages, based on the Parties' experience in the industry. In the event of a breach of Plaintiff's confidentiality obligations pursuant to this Agreement, as determined by an arbitrator, the prevailing party may seek any and all appropriate and available relief under law, including the liquidated damages identified above, and the prevailing party will also be entitled to attorneys' fees and costs. Any such arbitration shall take place in Suffolk County, New York. The arbitrator shall be selected by the mutual agreement of the Parties. If the Parties cannot agree on an arbitrator, then the Parties shall alternatively strike names from a list provided by the American Arbitration Association until only one name remains.

Notwithstanding the aforementioned provision, nothing herein shall preclude either Party from divulging any information to any agency of the federal, state, or local government or court pursuant to court order and/or subpoena, for which appearance either Party may receive any fees allowed by law. Plaintiff agrees to notify Defendants (through counsel) within five (5) business days if he is compelled by subpoena or court order, or otherwise contacted by any third parties, to appear and testify concerning matters encompassed by this Agreement. The Parties also agree that they will not contest the other Party's standing to move to quash any such subpoena.

11.    **Non-Disparagement.**

        a.    In consideration of Defendants' undertakings contained in this Agreement, Plaintiff agrees that he shall refrain from: (1) all conduct, verbal or otherwise, which would materially damage the reputation, goodwill or standing in the communities of the Releasees, (2) referring to or in any way commenting on any of the Releasees in or through the general media or any public domain (including without limitation, internet websites, blogs, chat rooms, social media and the like), in a way that would materially damage the reputation, goodwill or standing in the communities of the Releasees, and (3) disclosing, disseminating, or otherwise circulating any photographs, videos, or other documents relating to Defendants and/or any Defendant.

        b.    In consideration of Plaintiff's undertakings contained in this Agreement, Defendants agree that Defendants' officers and employees shall refrain from: (1) all conduct, verbal or otherwise, which would materially damage Plaintiff's reputation, goodwill or standing in the community, and (2) referring to or in any way commenting on Plaintiff in or through the general media or any public domain (including without limitation, internet websites, blogs, chat rooms and the like), in a way that would materially damage Plaintiff's reputation, goodwill or standing in the community.

12.    **Bona Fide Dispute**. This Agreement is in settlement of disputed claims. The Parties agree that there is a *bona fide* dispute as to whether Plaintiff could prevail on the merits of

8121157.1

his claims and that the amount being paid to Plaintiff, as indicated in Paragraph 2, is a fair and reasonable resolution to this *bona fide* dispute.

13.    **Changes to the Agreement**.  No modifications or amendments to, or waiver or termination of, any terms, conditions or provisions of this Agreement may be made or enforced unless in writing and signed by the Parties (or authorized representative of such Party) against whom the enforcement of such modification, amendment, waiver, or termination is sought.

14.    **No Other Complaints or Charges**.  Plaintiff hereby represents that other than the Action, he has no pending actions, administrative charges or complaints, grievances or arbitrations involving any of the released claims against any of the Releasees. Moreover, Plaintiff is currently unaware of any other claims other than those alleged in this Action relating to his employment with the Company.

15.    **Severability**.  The Parties agree that in the event any provision(s) of this Agreement is judicially declared to be invalid or unenforceable, only such provision or provisions shall be invalid or unenforceable without invalidating or rendering unenforceable the remaining provisions hereof.

16.    **Governing Law**.  This Agreement, and all of its terms, shall be interpreted, enforced and governed under the laws of the State of New York, without regards to conflict of laws principles. Any disputes relating to the enforcement of this Agreement shall be brought before in the Supreme Court of the State of New York, County of Suffolk.

17.    **Assignment of Claims**.  Plaintiff hereby represents and warrants that he has not hypothecated, assigned, or transferred or purported to assign or transfer to anyone any claim, action or cause of action based upon, arising out of, or connected in any way with any of the matters released herein.

18.    **Voluntary Agreement**.  Plaintiff represents and agrees that:

a.    He is not suffering from any impairment that would render him incapable of reading, considering and understanding the terms of this Agreement, and is fully able to read, consider and understand the terms of this Agreement, all of which have been explained to him;

b.    He has signed this Agreement freely and voluntarily and without duress;

c.    No promise or representation of any kind or character, other than those contained in this Agreement, has been made by any of the Releasees or anyone acting on their behalf to induce Plaintiff to enter into this Agreement;

d.    He was advised and hereby is advised to consider carefully the terms of this Agreement and consult with legal counsel prior to executing it, and has had a reasonable period of time in which to consider the terms of this Agreement before executing it.

19.    **Waiver**.  No provision herein may be waived unless in writing and signed by the Party or Parties whose rights are thereby waived.  Waiver of any one provision, or portion thereof, shall not be deemed a waiver of any other provision herein.  The waiver of any breach of any

8

provision of this Agreement by any Party shall not be deemed a waiver of any subsequent or prior breach.

20.    **Fair Meaning**.  The language of all parts of this Agreement shall in all cases be construed as a whole according to its fair meaning, and not strictly for or against any of the Parties, regardless of who drafted it.

21.    **Counterparts**.  This Agreement may be executed in several counterparts, each of which shall serve as an original as against any Party who signed it and all of which taken together shall constitute one and the same document. A copy, including by facsimile or e-mail, of a Party's signature on this Agreement shall be acceptable in any action against that Party to enforce this Agreement.

22.    **Headings**.  The headings in this Agreement are for the convenience of the Parties and are not intended to modify any of the terms of this Agreement.

23.    **Notices**.   All notices or communications under this Agreement shall be delivered by hand, registered mail, certified mail (return receipt requested), e-mail, or overnight mail to the address of Plaintiff's Counsel or Defendants' Counsel, respectively, as follows:

Plaintiff's Counsel:

> Aneeba Rehman, Esq.
> Pervez & Rehman, P.C.
> 6268 Jericho Turnpike, Suite 8
> Commack, NY 11725
> (631) 427-0700
> arehman@pervezrehman.com

Defendants' Counsel:

> Jarrett Behar
> Certilman Balin Adler & Hyman LLP
> 100 Motor Parkway, Suite 560
> Hauppague, NY 11788
> JBehar@certilmanbalin.com

The Parties may give notice of change of address in writing as set forth in this Paragraph. If registered or certified mail is used, actual delivery will be deemed to be the date set forth in the official U.S. Postal Service date stamp on the registered or certified mail receipt.

24.    **Authority to Execute Agreement**.  The undersigned individuals hereby warrant and represent that they have the full authority to make the representations and warranties contained in this Agreement, and to execute and perform this Agreement, on behalf of the individuals and

9

8121157.1

entities for which or whom they have signed, and that they are acting within the scope of their authority.

**IN WITNESS WHEREOF**, and intending to be legally bound thereby, the Parties have caused this Agreement to be duly executed on the date below noted.

<u>**UNDERSTOOD AND AGREED:**</u>

<u>**PLAINTIFF**</u>

**JUSTIN GUECI**

By: _Justin Gueci_____

Dated: _09/21/2023_____

<u>**DEFENDANTS**</u>

**ALTAIRE PHARMACEUTICALS, INC.**

By: _____

Name: _____

Dated: _____


**TERRY SAWAYA**

By: _____

Dated: _____


**MICHAEL SAWAYA**

By: _____

Dated: _____

**ASSAD S. SAWAYA**

By: _____

Dated: _____

10

8121157.1

entities for which or whom they have signed, and that they are acting within the scope of their authority.


**IN WITNESS WHEREOF**, and intending to be legally bound thereby, the Parties have caused this Agreement to be duly executed on the date below noted.

<u>**UNDERSTOOD AND AGREED:**</u>

<u>**PLAINTIFF**</u>

**JUSTIN GUECI**

By: _____

Dated: _____

<u>**DEFENDANTS**</u>

**ALTAIRE PHARMACEUTICALS, INC.**

By: _____

Name: _____

Dated: _____

**TERRY SAWAYA**

By: _____

Dated: _____

**MICHAEL SAWAYA**

By: _____

Dated: _____

**ASSAD S. SAWAYA**

By: _____

Dated: _____

10

8121157.1

# **<u>EXHIBIT 1</u>**

8121157.1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JUSTIN GUECI, on behalf of himself, FLSA Collective
Plaintiffs and the Class Members,

                         Plaintiffs,

            -   against –

ALTAIRE PHARMACEUTICALS, INC., TERRY
SAWAYA, MICHAEL SAWAYA, and ASSAD S.
SAWAYA

                       Defendants.

Case No.: 22-CV-06343

**STIPULATION OF DISMISSAL
WITH PREJUDICE**

      **IT IS HEREBY STIPULATED AND AGREED**, by and between the Parties, and
ordered by the Court, that:

          (a)     The Parties' settlement of claims under the Fair Labor Standards Act is fair
and reasonable in accordance with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir.
2015); and

          (b)     Any and all claims and causes of action that were or could have been
asserted herein under the Fair Labor Standards Act and the New York Labor Law are dismissed
*with prejudice* pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure and without costs,
disbursements or attorneys' fees to any Party, except as provided for in the Parties' settlement
agreement or otherwise agreed to between the Parties; and

          (c)     The Court shall retain jurisdiction of this matter for the sole purposes of
enforcing the Parties' settlement; and

8121157.1

      (d)    This Stipulation may be executed in counterparts with scanned PDF or facsimile signatures treated as originals.

Dated: _____, 2023            Dated: _____, 2023

**PERVEZ & REHMAN, P.C.**         **CERTILMAN BALIN ADLER & HYMAN, LLP.**

_____           _____

By: Aneeba Rehman, Esq.          By: Jarrett  Behar, Esq.
6268 Jericho Turnpike, Suite 8     Certilman Balin Adler & Hyman LLP
Commack, NY 11725          100 Motor Parkway, Suite 560
(631) 427-0700             Hauppauge, NY 11788
arehman@pervezrehman.com     (631) 979-3000
_Attorneys for Plaintiff_         JBehar@certilmanbalin.com
                            _Attorneys for Defendants_

SO ORDERED:

_____

HON. Honorable Kiyo A. Matsumoto

14

8121157.1

**Exhibit B**



# INVOICE

Invoice # 425
Date: 09/14/2023
Due Upon Receipt

6268 Jericho Turnpike, Suite 8
Commack, NY 11725
United States

Justin Gueci

## 00234-Gueci

## Whistleblower retaliation, wage & hour claims

### Services

| Date | Attorney | Description | Hours | Rate | Total |
|------|----------|-------------|-------|------|-------|
| 09/16/2022 | AR | Legal Drafting : AM draft Complaint | 2.00 | $475.00 | $950.00 |
| 09/23/2022 | AR | Legal Drafting : Review client's edits. | 1.50 | $425.00 | $637.50 |
| 10/07/2022 | AR | Legal Drafting : Discovery Review | 1.00 | $475.00 | $475.00 |
| 01/31/2023 | AR | Legal Drafting : Draft letter to Court requesting an adjournment | 0.33 | $475.00 | $158.33 |
| 03/16/2023 | AR | Legal Drafting : Draft letter regarding mediation | 0.33 | $475.00 | $158.33 |
| 03/17/2023 | AR | Legal Drafting : Draft EEOC Charge | 3.50 | $475.00 | $1,662.50 |
| 03/20/2023 | AR | Court Conference: AR prep and initial conference | 1.00 | $475.00 | $475.00 |
| 04/03/2023 | AR | Legal Drafting : Rule 26 Disclosures | 0.75 | $475.00 | $356.25 |
| 04/11/2023 | AR | Legal Drafting : Damage Calculations | 1.00 | $475.00 | $475.00 |
| 04/28/2023 | AR | Legal Drafting : Joint Letter for Ext of Time for Mediation | 0.42 | $475.00 | $197.92 |
| 05/24/2023 | AR | Mediation Preparation: Draft mediation statement | 2.00 | $475.00 | $950.00 |
| 06/02/2023 | AR | Document Review: Review Defendants' production | 1.00 | $475.00 | $475.00 |
| 06/02/2023 | AR | Document Review: Organizing and sorting client's additional production | 2.00 | $475.00 | $950.00 |
| 06/05/2023 | AR | Discovery: Sorting, scanning, copying, uploading and organizing client's additional production | 6.00 | $475.00 | $2,850.00 |

| 06/05/2023 | AR | Legal Drafting : Mediaiton Update | 0.42 | $475.00 | $197.92 |
|---|---|---|---|---|---|
| 06/06/2023 | AR | Discovery: Transcribed all of audio files | 6.00 | $475.00 | $2,850.00 |
| 06/07/2023 | AR | Bates Stamping Discovery: Bates stamping relevant and responsive discovery | 1.00 | $475.00 | $475.00 |
| 06/08/2023 | AR | Mediation Preparation: Prep for mediation- audio files within the context of the mediation, and downloading the audio files into formats easily transferrable to opposing counsel and the mediator. | 2.00 | $475.00 | $950.00 |
| 06/12/2023 | AR | Client Meeting: Meeting with client to prep for mediation | 2.00 | $475.00 | $950.00 |
| 06/12/2023 | AR | Mediation: Mediation and Discussion with Client | 4.00 | $475.00 | $1,900.00 |
| 07/03/2023 | AR | Correspondence : Correspondence with Client | 0.50 | $475.00 | $237.50 |
| 07/18/2023 | AR | Legal Drafting : Drafting Plaintiff's first requests for production and interrogatory requests, and notice of discovery/inspection | 3.00 | $475.00 | $1,425.00 |
| 07/26/2023 | AR | Legal Drafting : Drafted responses to Defendants' requests for production and interrogatory requests. | 3.00 | $475.00 | $1,425.00 |
| 07/29/2023 | AR | Correspondence : Correspondence with Client | 0.50 | $475.00 | $237.50 |
| 08/01/2023 | AR | Legal Drafting : Letter to Client | 0.50 | $475.00 | $237.50 |
| 08/04/2023 | AR | Correspondence : Correspondence with Client | 0.50 | $475.00 | $237.50 |
| 08/07/2023 | AR | Document Review: Review Offer of Judgment; conversations with Client and emails with OC | 1.00 | $475.00 | $475.00 |
| 08/09/2023 | AR | Legal Drafting : Drafting of the settlement agreement | 2.00 | $475.00 | $950.00 |
| 08/10/2023 | AR | Correspondence : Correspondence with Client | 0.50 | $475.00 | $237.50 |
| 09/08/2023 | AR | Document Review: AM review documents; edits to complaint | 3.00 | $475.00 | $1,425.00 |
| 09/12/2023 | AR | Document Review: Review documents produced in connection with client's discrimination claim | 1.00 | $475.00 | $475.00 |
| 09/12/2023 | AR | Legal Drafting : Draft Cheeks Approval Motion | 1.75 | $475.00 | $831.25 |
| 09/21/2023 | AR | Client Meeting: Communication and Agreement Review with Client | 1.00 | $475.00 | $475.00 |
| 09/26/2023 | AR | Bates Stamping Discovery: AM- compiling, filing, and reviewing part 1 of client's production into a single file | 2.00 | $475.00 | $950.00 |

| | | |
|---|---|---|
| **Hours Subtotal** | | **58.5** |
| **Services Subtotal** | | **$27,712.50** |

**Expenses**

Invoice # 425 - 09/14/2023

| Date | Attorney | Description | Quantity | Rate | Total |
|------|----------|-------------|----------|------|-------|
| 10/20/2022 | AR | Filing Fee | 1.00 | $402.00 | $402.00 |
| 12/07/2022 | AR | Service fee | 1.00 | $224.00 | $224.00 |
| 06/12/2023 | AR | Mediation | 1.00 | $1,675.00 | $1,675.00 |

|  |  |  |  | Expenses Subtotal | **$2,301.00** |
|--|--|--|--|--|--|
|  |  |  |  | **Quantity Total** | **58.5** |
|  |  |  |  | **Subtotal** | **$30,013.50** |
|  |  |  |  | **Total** | **$30,013.50** |

## Detailed Statement of Account

### Current Invoice

| Invoice Number | Due On | Amount Due | Payments Received | Balance Due |
|----------------|--------|------------|-------------------|-------------|
| 425 | 09/14/2023 | $30,013.50 | $0.00 | $30,013.50 |

|  |  |  | **Outstanding Balance** | **$30,013.50** |
|--|--|--|--|--|
|  |  |  | **Total Amount Outstanding** | **$30,013.50** |

Please make all amounts payable to: Pervez & Rehman, P.C.

Payment is due upon receipt.

Invoice # 425 - 09/14/2023

6268 Jericho Turnpike, Suite 8
Commack, NY 11725
United States

# INVOICE

Invoice # 425
Date: 09/14/2023
Due Upon Receipt



## Pay your invoice online

**To pay your invoice, open the camera on your mobile device and place the QR code in the camera's view.**

Or, **click here** if you're viewing on a computer or smartphone.